UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

TREMAIN GRAHAM,

                              Plaintiff,        **REPORT AND RECOMMENDATION**
                                                     **06-CV-2065 (DGT)(LB)**

          -against-

DETECTIVE ROBERT F. REED and
DETECTIVE SUSAN McDERMOTT,

                              Defendants.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      I have supervised the pretrial proceedings in this *pro se* action. On June 21, 2007, the Court issued an Order affording plaintiff "one last and final opportunity" to respond to defendants' outstanding discovery requests and to authorize releases of his medical records by June 29, 2007. Despite being warned and given several chances, plaintiff has failed to comply with the Court's Orders to respond to discovery requests. Accordingly, it is respectfully recommended that plaintiff's action should be dismissed.

## BACKGROUND

      Plaintiff's complaint, filed on April 12, 2006, alleges that his civil rights were violated by police officers from the 113th Precinct in Queens when he was arrested on February 28, 2006. Complaint at p. 5. By Memorandum and Order dated May 18, 2006 the Court dismissed plaintiff's claims against the People of the State of New York, the People of the City of New York and Queens General Hospital. Plaintiff was permitted to amend his complaint to detail his

1

Fourth Amendment claim against the individual police officers who arrested him. Plaintiff amended his complaint on June 14, 2006 and the defendants answered the amended complaint on December 20, 2006. Thereafter, an initial conference was held on January 30, 2007 and the Court set September 10, 2007 as the deadline for the parties to complete all discovery.

Plaintiff has been warned on no less than four occasions that a failure to comply with his discovery obligations and to obey Court Orders would result in the recommendation that his case should be dismissed. The Court first told plaintiff of his obligation to respond to discovery requests at a status conference held April 12, 2007. On May 3, 2007, the Court reminded plaintiff at a status conference that he must comply with his discovery obligations. By Order dated May 17, 2007, the Court directed plaintiff to respond to defendants' First Set of Interrogatories and Request for Production of Documents and to sign the releases requested by defendants. The Court warned plaintiff that if he failed to obey the Court's Orders and to comply with his discovery obligations by June 4, 2007, I would recommend that his case should be dismissed.

On June 15, 2007 defendants informed the Court that plaintiff had not produced the outstanding discovery or the releases. In addition, because plaintiff argued he had not received defendants' discovery requests because they had been sent via "overnight postage" which could not be received at his post office box, defendants detailed their efforts to serve plaintiff:

> Defendants sent plaintiff medical releases on December 19, 2006 and January 18, 2007 by first class mail. Defendants then provided plaintiff with their First Set of Interrogatories and Request for Production of Documents, which also contained releases on January 30, 2007 by hand. Thereafter, as a courtesy, defendants sent a copy of interrogatories to plaintiff via overnight mail to the P.O. Box he provided at his address. This copy was returned to defendants as "unclaimed." While plaintiff claims that overnight mail cannot be delivered to a P.O. Box, defendants sent the second set of interrogatories via U.S. Postal Service Express Mail, which

2

in fact can be delivered to a P.O. Box... Defendants, to date, have not received any responses to their discovery requests beyond plaintiff's June 6, 2007 letter to the Court. However, as a courtesy, defendants have sent plaintiff a third copy of their First Set of Interrogatories and Requests for Documents, including medical releases today without waiving any rights regarding the tardiness of plaintiff's responses.

My June 21, 2007 Order stated that:

although the Court could simply recommend dismissal of this action for plaintiff's failure to comply with the May 17, 2007 Order, in an abundance of caution, the Court will give plaintiff one last and final opportunity to respond to defendants' discovery requests and sign the authorizations for release of medical records by June 29, 2007. If plaintiff does not timely and completely respond to defendants' outstanding discovery requests by June 29, 2007, defendants shall immediately inform the Court and I will recommend that this action should be dismissed.

By letter dated July 2, 2007 defendants request that this action be dismissed as plaintiff has not responded to any of their discovery requests. In addition, although plaintiff signed and notarized releases which defendants provided to him, he omitted critical information such as his date of birth, social security number, names and addresses of medical providers and dates. In other words, the releases plaintiff signed and sent to defendants' counsel are useless. Moreover, plaintiff has not responded to defendants' request that this action should be dismissed.

## DISCUSSION

District courts have the authority to dismiss an action, including one brought *pro se*, when a litigant fails repeatedly to observe court orders. Chance v. Grant Pac, No. 05-5436-CV, 2007 WL 1113356 (2d Cir. April 14, 2007) (summary order) ("[w]here a litigant has engaged in a pattern of ignoring court orders, even if each breach individually is not significant, a district court has the power to give the litigant notice that any future breach will result in dismissal of the

3

action the breach individually will result in dismissal of the action"). The Court may dismiss an action for a party's failure to comply with discovery orders. See Fed. R. Civ. P. 37(b)(2)(C) ("...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...[a]n order . . . dismissing the action . . . ").

In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995)). "Dismissal under Fed. R. Civ. P. 37 ... should be imposed only in extreme circumstances" where the failure to comply is due to "willfulness, bad faith, or any fault." Salahuddin, 782 F.2d at 1132 (internal quotes omitted). However, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction is available even against *pro se* litigants because "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including those proceeding *pro se*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

The Court explicitly warned plaintiff on May 17, 2007 and June 21, 2007 that it would recommend dismissal of this action if he failed to respond to defendants' discovery requests. The

4

interests of justice are not served by giving plaintiff unlimited chances to comply with court orders. Plaintiff is no stranger to this Court; he has filed three *pro se* cases in addition to the instant action since 2005: Graham v. People of State of N.Y., No. 05 CV 5292 (DGT), dismissed 2/9/2007; Graham/Horton v. Ameritrust Mtg. Bankers, Inc., 06 CV 222 (BMC), dismissed 3/29/07; Graham v. People of State of N.Y., No. 07 CV 1690 (JG), filed 4/23/07 (pending). He cannot selectively ignore the obligations of litigation he has initiated. See e.g., La Grande v. Adecco, No. 1:03-CV-1453 (GLS); 2006 WL 2806402 (N.D.N.Y. September 29, 2006) ("Plaintiff has previously ignored this Court's previous sanctions and admonitions and, therefore, at this stage, we find the notion of giving him more warnings to be a waste of judicial time . . .").

Moreover, plaintiff has flouted the orders of the Court whose very power he invokes to vindicate his rights. There is no less drastic sanction than dismissal that would be effective in this action. See e.g., Egan v. City of New York, No. 05 Civ. 7840 (SAS); 2006 WL 2468703 at *5 (S.D.N.Y. August 23, 2006) ("plaintiff['s] fail[ure] to obey court-ordered discovery rulings . . . despite being warned that defendants could move for dismissal should plaintiff fail to comply . . . support[s] dismissal under Rule 37(b)(2)(C) as the appropriate sanction"). The Court has weighed the relevant factors and finds that dismissal is warranted in the instant case in light of plaintiff's refusal to comply with Court Orders and his willful disregard for the Court's authority.

## CONCLUSION

Accordingly, it is recommended plaintiff's complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(C).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 12, 2007
Brooklyn, New York